IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.  02:09-32236-PJD |
| GREYSTONE PHARMACEUTICALS, INC., ) | Chapter 11 |
| ) | Honorable Paulette J. Delk |
| Debtor. ) | |

_____

**FIFTH THIRD BANK'S**
**MOTION TO CONVERT CASE TO CHAPTER 7**
**OR FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE.**

NOW COMES Fifth Third Bank ("**Fifth Third**"), by its attorneys, and for its Renewed Objection to Disclosure Statement and its Motion to Convert Case to Chapter 7 or for Appointment of a Chapter 11 Trustee, says as follows:

**Introduction**

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 2, 2009.

2. Prior to the commencement of the case, Fifth Third provided secured credit facilities to BLN Capital Funding, LLC ("**BLN**").  Under its financing arrangements with BLN (the "**Fifth Third Loan Documents**"), Fifth Third holds a first priority security interest in substantially all assets of BLN.[1]  BLN's current obligations to Fifth Third aggregate approximately $19,000,000.  Fifth Third's collateral for its loans to BLN under the Fifth Third Loan Documents extends to all of BLN's property, including, without limitation, BLN's rights

---

[1] The financing order entered by this Court on December 29, 2009, provided in part at section D that "the Debtor and debtor-in possession hereby acknowledge that BLN held and continues to hold valid and perfected first-priority liens and security interests . . . in and to, among other things, all or substantially all of the personal property of the Debtor . . . ."

1

under the terms and conditions of the agreements between BLN and the Debtor evidencing BLN's pre- and post-petition extensions of credit to the Debtor.

3. BLN is in default under the terms of the Fifth Third Loan Documents, and is not presently able to obtain additional advances of credit from Fifth Third. Under the terms of this Court's Consent Order Regarding (1) Debtor's Third Motion for Authority to Incur Secured Post-Petition Financing and Request for Emergency Hearing, (2) Order Granting Debtor's Third Motion for Authority to Incur Secured Post-Petition Financing, and (3) Fifth Third Bank's Objection to Debtor's Motion for Authority to Incur Secured Post-Petition Financing and Request for Emergency Hearing (docket #352) dated as of February 1, 2011, the Court found that Fifth Third is duly acting as BLN's "true and lawful attorney in fact with proper authority to take all action otherwise permitted to be taken by BLN in [this] case."

4. The Debtor is presently indebted to BLN in the principal amount of $1,431,368.20, on account of pre-petition ($1,166,368.20) and post-petition ($265,000) advances of credit made by BLN to the Debtor under the terms of BLN's loan and security agreements with the Debtor, and the previously entered orders of this Court. This amount is exclusive of accrued but unpaid interest, fees and allowable costs and expenses to which BLN also is entitled pursuant to those loan and security agreements with the Debtor and/or as provided for in the prior orders.

**Procedural Background and Objection**

5. On December 22, 2010, the United States Trustee filed a Motion seeking either dismissal or conversion of this case (the "**UST Conversion Motion**") (docket #294). On January 10, 2011, the Debtor filed its own Motion seeking conversion of the case to Chapter 7 (the "**Debtor Conversion Motion**") (docket #319). The Official Unsecured Creditors'

Committee subsequently objected to the Debtor Conversion Motion (docket #351), as did First Texas Medical Partners, LLC (docket #357).  The Court originally set March 1, 2011, as the hearing date on the Debtor Conversion Motion and the UST Conversion Motion.

6.      On January 25, 2010, Greg P. Pilant filed a Disclosure Statement Accompanying Chapter 11 Plan of Reorganization for Greystone Pharmaceuticals, Inc. (the "**Pilant Disclosure Statement**") (docket #335).  The Court set March 1, 2011, as the hearing date on the Pilant Disclosure Statement.  No plan of reorganization relating to the Pilant Disclosure Statement has ever been filed with the Court as a separately docketed pleading in this case, and no such plan is currently before the Court.[2]

7.      A hearing with respect to the Pilant Disclosure Statement was scheduled by the Court for March 1, 2011.  On February 17, 2010, Fifth Third filed its Objection to Disclosure Statement Accompanying Chapter 11 Plan of Reorganization for Greystone Pharmaceuticals, Inc. (docket # 368) (the "**Existing Fifth Third Objection**").

8.      At the March 1 hearing, the various parties in interest requested that the Court adjourn the hearing on the Pilant Disclosure Statement until March 29, 2011.  This request was granted by the Court.  The four week adjournment was intended by the parties to provide Mr. Pilant, as the "plan proponent," time to address the issues raised by the Existing Fifth Third Objection, and by other parties in interest.  It was contemplated that a Plan of Reorganization would subsequently be filed, together with a substantially revised disclosure statement, and that the revised disclosure statement could be considered by the Court at the March 29, 2011 hearing.

---

[2] Rather, a Plan of Reorganization (the "**Pilant Plan**") is only attached to the Pilant Disclosure Statement as an exhibit.

3

9. Because of a death in the family of counsel for First Texas Medical Partners, the March 29, 2011 hearing was adjourned by the Court, with the consent of all parties, including Fifth Third, until April 19, 2011.

10. During the nearly 50 day period between the March 1, 2011 hearing and today, one marked draft of a new disclosure statement has been circulated to parties in interest—but that updated draft has not been filed with the Court and is not before the Court. Substantively, this marked draft did not address the infirmities described in the Existing Fifth Third Objection.

11. There still has been no plan of reorganization filed with the Court by Mr. Pilant or any other party in interest in this case. The existing draft plan included by Mr. Pilant as an exhibit to the Pilant Disclosure Statement has apparently not been revised, as no new draft has been circulated to parties in interest for consideration.

12. In sum, the only disclosure statement presently before the Court remains the Pilant Disclosure Statement, which is the same document that is the subject of the Existing Fifth Third Objection. Fifth Third believes that no party in interest, including Mr. Pilant as the proponent, presently contends that the Pilant Disclosure Statement contains adequate information as required by Section 1125 of the Bankruptcy Code.

13. Thus, notwithstanding that (i) this case has been pending for some 18 months, (ii) almost 90 days have elapsed since the filing of the Pilant Disclosure Statement, and (iii) almost 60 days have elapsed since the filing of the Existing Fifth Third Objection, there has, unfortunately, been no material progress towards promulgation of an acceptable plan and disclosure statement in this case.

14. Fifth Third renews and restates, and incorporates by reference here, all of the objections to the Pilant Disclosure Statement contained in the Existing Fifth Third Objection. To

4

the extent that the Court determines to proceed with a hearing on the existing Pilant Disclosure Statement on April 19, 2011, it should determine that such Disclosure Statement does not contain adequate information as required by Section 1125 of the Bankruptcy Code, and not approve its distribution to creditors.

15. The totality of the circumstances in this case now plainly requires that the Court either convert these proceedings to Chapter 7, or appoint a Chapter 11 Trustee for the Debtor.

16. Section 1112 of the Bankruptcy Code provides that the Court shall convert a case to Chapter 7 if "cause" is established. Section 1112(b)(4) provides that the term "cause" includes, without limitation, the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> . . . .
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court . . . .

17. Section 1104(a)(3) of the Bankruptcy Code provides that the Court shall order the appointment of a trustee: "if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate."

18. The Court should review carefully the most recent Monthly Operating Report of the Debtor filed on April 13, 2011 (docket #396), which shows the most recent snapshot of the Debtor's ongoing losses. That report indicates, without limitation, the following:

(a) For the fourteen month period of January 2010 through February 2011, the Debtor incurred a loss of $292,318.17. (Monthly Operating Report, Docket #396, pp. 23 & 25.) For the two month period of November and December 2009, the Debtor incurred a loss of $540,137.90.

(Id. pp. 23 & 26.) In March 2011, the Debtor's losses continued at $22,034 for the month. (Id. p. 23.)

(b) During this seventeen month period (November 2009 through March 2011), the Debtor reported revenues from sales of $9,318.52, and expenses in excess of $863,500. (Id. pp. 21-26.)

(c) The Debtor's Income Statement for the period ending March 31, 2011, shows accumulated total post-petition losses of $854,490.78. (Id. p. 22.)

(d) The Debtor's Operating Report shows that unpaid post-petition liabilities exceed $614,700, comprised of post-petition liabilities to secured creditors of $495,600, post-petition trade accounts and other payables of $135,137.04, and taxes payable to $15,852.55.[3] (Id. pp. 7 & 11.)

19. Such ongoing losses, coupled with the clear inability of the Debtor or Mr. Pilant to formulate or confirm a plan, constitute cause for conversion of this case to Chapter 7. Alternatively, if the Court is inclined to believe that someone other than the Debtor or Mr. Pilant may still have a chance to formulate and confirm a plan in this case, the Court should promptly appoint a Chapter 11 trustee.

20. To the extent the Court determines to adjourn the hearing with respect to the Pilant Disclosure Statement, and/or the existing UST Conversion Motion and/or the existing Debtor Conversion Motion, Fifth Third requests that its motion for conversion and/or appointment of a trustee be scheduled for hearing in conjunction with any re-scheduled hearing on these other matters.

---

[3] The Debtor also reflects a $31,835.57 debit to payables, resulting in a total post petition payables balance of $614,754.02. (Monthly Operating Report, Docket #396, p. 7.)

WHEREFORE, Fifth Third requests that the Court enter an Order granting it relief consistent with the foregoing, for the reasons set forth herein.

Dated: April 18, 2011            Respectfully submitted,

DICKINSON WRIGHT PLLC

By:    */s/ Daniel F. Gosch*
     Daniel F. Gosch (Mich. #P35495)
     200 Ottawa Avenue, NW, Ste. 1000
     Grand Rapids, MI 49503
     (616) 336-1015 (telephone)
     (616) 458-6753 (facsimile)
     dgosch@dickinsonwright.com

By:    */s/ M. Kimberly Stagg*
     M. Kimberly Stagg (Tenn. #16820)
     424 Church Street, Suite 1400
     Nashville, TN 37219
     (615) 620-1732 (telephone)
     (615) 256-8386 (facsimile)
     kstagg@dickinsonwright.com

Counsel for Fifth Third Bank

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served on the parties consenting to electronic service on this the 18th day of April 2011. I further certify that a true and correct copy of the foregoing has been sent via facsimile and/or electronic mail to Mr. Greg P. Pilant, the Office of the United States Trustee, counsel for the Debtor, counsel for First Texas Medical Partners, and counsel for the Official Committee of Unsecured Creditors on this the 18th day of April 2011.

                                                                                /s/ *M. Kimberly Stagg*
                                                                                M. Kimberly Stagg

GRAPIDS 61447-13 262750